UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

PAUL EDWARD WHITE,

        Plaintiff,                    Case No. 2:25-cv-50

v.                                          Honorable Sally J. Berens

JAMIE CORRIGAN, et al.

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 1, PageID.4.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (overruled on other grounds).

Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a

court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendant has not yet been served, the undersigned concludes that the Defendant is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way the Defendant is not a party who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain

2

a consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan. The events about which Plaintiff complains, however, occurred at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. Plaintiff sues the following URF personnel in their official and personal capacities: Warden Jamie Corrigan and Corrections Officer Unknown Riggs.

Plaintiff alleges that on February 11, 2024, he was sent to segregation after receiving a misconduct ticket charging him with threatening behavior. (Compl., ECF No. 1, PageID.3.)

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503-04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

Plaintiff contends that Defendant Riggs was responsible for packing up Plaintiff's personal property, but did not do so until two days after Plaintiff was sent to segregation. (*Id.*)

After Plaintiff received his personal property, he noticed that several legal documents "pertinent to [his] appellate process" were missing, "creating an impediment in proceeding with [his] appellate endeavors in a timely fashion." (*Id.*) Plaintiff filed a grievance to no avail. (*Id.*) Plaintiff contends that when he notified Defendant Corrigan of the incident via a Step II grievance, Defendant Corrigan "chose to submit a boilerplate response in support of [Defendant] Riggs' actions." (*Id.*)

Based upon the foregoing, the Court construes Plaintiff's complaint to assert a Fourteenth Amendment procedural due process claim premised upon the deprivation of his property, as well as constitutional claims against Defendant Corrigan premised upon his rejection of Plaintiff's Step II grievance. Plaintiff also asserts First Amendment retaliation and access to the courts claims, and mentions that Defendants did not follow MDOC rules regarding the handling of inmates' property. (*Id.*) Plaintiff seeks damages. (*Id.*, PageID.4.)

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because Section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under Section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.  First Amendment Claims

#### 1.  Retaliation

Plaintiff vaguely suggests that his missing documents are "an act of retaliation due to the threatening behavior charge." (Compl., ECF No. 1, PageID.3.)

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) the plaintiff was engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse

action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to show that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff merely alleges the ultimate fact of retaliation in this matter. That is insufficient to state a claim. *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (citation omitted); *see Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (holding that in complaints screened pursuant to 28 U.S.C. § 1915A, "[c]onclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial" (internal quotation marks omitted)); *Lewis v. Jarvie*, 20 F. App'x 457, 459 (6th Cir. 2001) ("[B]are allegations of malice on the defendants' parts are not enough to establish retaliation claims [that will survive § 1915A screening]." (citing *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998))).

In addition, Plaintiff fails to set forth facts suggesting that he was engaged in protected conduct for purposes of his retaliation claims. As noted above, Plaintiff suggests that Defendant Riggs confiscated Plaintiff's legal documents "due to the threatening behavior charge." (Compl., ECF No. 1, PageID.3.) "[I]f a prisoner violates a legitimate prison regulation, he is not engaged in 'protected conduct.'" *Thaddeus-X*, 175 F.3d at 395; *see also Lockett v. Suardini*, 526 F.3d 866, 874 (6th Cir. 2008) (concluding that prisoner's statement that a hearing officer was "a foul and corrupted bitch" was insulting, derogatory, and questioned her authority as well as the integrity of the proceeding was insolent and violated an MDOC policy directive and, thus, could not be protected conduct); *Caffey v. Maue*, 679 F. App'x 487 (7th Cir. 2017) (holding that an inmate's name-calling of guards (calling them unprofessional) was a challenge to the guards' authority that was not protected by the First Amendment). Here, threatening behavior is a Class I misconduct

6

per the MDOC. (*See* ECF No. 1-1, PageID.8.) Accordingly, if Plaintiff violated a legitimate prison regulation before his documents went missing, he has failed to allege facts supporting an inference that his documents went missing to retaliate against Plaintiff for any protected conduct. Plaintiff's First Amendment retaliation claims will, therefore, be dismissed.

### 2. Access to the Courts

Plaintiff also mentions that his access to the courts was impeded because the missing legal documents were "pertinent to [his] appellate process," thus "creating an impediment in proceeding with [his] appellate endeavors in a timely fashion." (Compl., ECF No. 1, PageID.3.)

To state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop v. Johnson*, 977 F.2d 996, 1000 (6th Cir. 1992). In other words, a plaintiff must plead that the defendants actions have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351–53; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). The Supreme Court has strictly limited the types of cases for which there may be an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355. "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). Moreover, the underlying action must have asserted a non-frivolous claim. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed actual injury to include requirement that action be non-frivolous).

7

In addition, the Supreme Court squarely has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353 & n.3). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 415.

Here, while Plaintiff mentions appellate proceedings, he does not describe the nature of his appeal, nor does he provide the Court with sufficient factual allegations to plausibly suggest that his appeal would have asserted a nonfrivolous habeas corpus or civil rights claim. Moreover, public records for both the United States Court of Appeals for the Sixth Circuit and the Michigan appellate courts indicate that Plaintiff had no appellate proceedings pending on or about February 11, 2024. Thus, because Plaintiff fails to set forth facts describing the underlying cause of action and lost remedy, his First Amendment access to the courts claims will be dismissed.

      **B.**      **Fourteenth Amendment Due Process—Deprivation of Property**

The Court has construed Plaintiff's complaint to assert Fourteenth Amendment procedural due process claims premised upon the loss of his property. Such claims, however, are barred by the doctrine set forth in *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, an individual deprived of property by a "random and unauthorized act" of a state employee cannot maintain a federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, while real, is not "without due process of law." *Id.* at 537, 541. This doctrine applies to both negligent and intentional deprivations of property, as long as the deprivation was not pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984). Plaintiff must plead and prove the inadequacy of state post-deprivation remedies. *See*

*Copeland v. Machulis*, 57 F.3d 476, 479–80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). The Sixth Circuit has noted that a prisoner's failure to sustain this burden requires dismissal of his Section 1983 due process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Here, Plaintiff fails to allege that his state post-deprivation remedies are inadequate. Plaintiff has available to him numerous state-post deprivation remedies. For example, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state or any of its departments or officers." Mich. Comp. Laws § 600.6419(1)(a). The Sixth Circuit has specifically held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480. Plaintiff fails to allege any reasons why a state-court action would not afford him complete relief for the deprivation, either negligent or intentional, of any personal property. Accordingly, for the foregoing reasons, Plaintiff cannot maintain his Fourteenth Amendment procedural due process claims regarding the deprivation of his property.

### C. Claims Regarding Handling of Step II Grievance

The Court has construed Plaintiff's complaint to assert constitutional claims against Defendant Corrigan regarding his rejection of Plaintiff's Step II grievance.

As an initial matter, various courts have repeatedly held that there exists no constitutionally protected due process right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy*, 30 F. App'x 568, 569–70 (6th Cir. 2002); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). And Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907,

9

at *1 (6th Cir. Mar. 28, 1994). Thus, because Plaintiff has no liberty interest in the grievance process, any interference with the grievance process or inadequate responses to Plaintiff's grievances did not deprive Plaintiff of due process.

Moreover, to the extent that Plaintiff intended to allege that his right to petition the government was violated by any interference with the grievance process, this right is not violated by a failure to process or act on his grievances. The First Amendment "right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *see also Minnesota State Bd. for Cmty. Colls. v. Knight*, 465 U.S. 271, 285 (1984) (holding the right to petition protects only the right to address government; the government may refuse to listen or respond).

Likewise, any inaction or action by Defendant Corrigan did not bar Plaintiff from seeking a remedy for his grievances. *See Cruz v. Beto*, 405 U.S. 319, 321 (1972). "A prisoner's constitutional right to assert grievances typically is not violated when prison officials prohibit only 'one of several ways in which inmates may voice their complaints to, and seek relief, from prison officials' while leaving a formal grievance procedure intact." *Griffin v. Berghuis*, 563 F. App'x 411, 415–16 (6th Cir. 2014) (citing *Jones v. N.C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 130 n.6 (1977)). Indeed, Plaintiff's ability to seek redress is underscored by his *pro se* invocation of the judicial process. *See Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982). Even if Plaintiff had been prevented improperly from filing a grievance, his right of access to the courts to petition for redress of his grievances (i.e., by filing a lawsuit) cannot be compromised by his inability to file institutional grievances. *Cf. Ross v. Blake*, 578 U.S. 632, 640–44 (2016) (reiterating that, if the

prisoner is barred from pursuing a remedy by policy or by the interference of officials, the grievance process is not available, and exhaustion is not required).

Furthermore, Section 1983 liability may not be imposed simply because an official denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). To the extent that Plaintiff seeks to hold Defendant Corrigan liable due to his supervisory position as Warden at URF, he fails to state such a claim. Government officials, such as Defendant Corrigan, may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *See Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).

The Sixth Circuit repeatedly has summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee*, 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995).

Here, Plaintiff fails to allege any facts showing that Defendant Corrigan encouraged or condoned the conduct of subordinates, or authorized, approved, or knowingly acquiesced in the conduct. Moreover, any conclusory allegations of supervisory responsibility are insufficient to

11

show that Defendant Corrigan was personally involved in the alleged violations of Plaintiff's constitutional rights. *See, e.g.*, *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers*, 368 F.3d at 888.

Accordingly, for all of the reasons set forth above, Plaintiff's claims against Defendant Corrigan regarding his response to Plaintiff's Step II grievance will be dismissed for failure to state a claim.

### D.  Violation of MDOC Rules

Plaintiff also suggests that Defendants violated MDOC rules regarding the handling of inmates' property. The Court will liberally construe this reference as an attempt to bring a claim under Section 1983 for a due process violation. However, claims under Section 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Therefore, Plaintiff's assertion that Defendants violated MDOC rules fails to state a claim under Section 1983.

Moreover, "[w]ithout a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)). Courts have routinely recognized that a prisoner does not enjoy any federally protected liberty or property interest in state procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983); *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001). Thus, Plaintiff's allegation that Defendants violated MDOC rules fails to raise a cognizable Section 1983 claim, and this claim will be dismissed.

**Conclusion**

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore*, 114 F.3d at 611. Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $605.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of Section 1915(g). If he is barred, he will be required to pay the $605.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:   April 18, 2025                         /s/ Sally J. Berens
                                                SALLY J. BERENS
                                                United States Magistrate Judge